UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ex rel. PAUL FRASCELLA<br><br>v.<br><br>**ORACLE CORP., ORACLE AMERICA,** et al.<br><br>**Defendants.** | CASE NO. 1:07cv529 (LMB/TRJ) |

**BRIEF IN SUPPORT OF RELATOR'S MOTION TO DETERMINE
WAIVER OF ATTORNEY-CLIENT PRIVILEGE BECAUSE ORACLE
MADE AFFIRMATIVE USE OF THE REED SMITH REVIEW AS A "SWORD"**

In 2008, the Inspector General of the General Services Administration ("GSA IG") issued a subpoena to Defendants ("Oracle"). The IG subpoena put Oracle on notice that GSA and the Department of Justice were investigating Oracle's compliance with its Price Reduction Clause ("PRC") obligations under a GSA MAS contract for software licenses and support in effect from 1998-2006.

In an attempt to demonstrate that it had complied with its PRC obligations, Oracle finalized and provided to GSA and DOJ a "Price Reduction Clause Compliance Review" prepared by the law firm of Reed Smith. Reed Smith dated the review October 3, 2008. Reed Smith's Executive Summary at the beginning of the review said:

> In early 2003, Oracle Corporation . . . retained Reed Smith . . . to conduct a review of the Company's compliance with 48 C.F.R. 552.238-75 (the "Price Reduction Clause") . . . . Oracle voluntarily disclosed the initiation of this review and the potential for noncompliance to the Contracting Officer, Ms. Regina Moore, by letter dated April 3, 2003. (See Exhibit 1.) Reed Smith retained Ernst & Young LLP ("E&Y") and subsequently, KPMG LLP ("KPMG") <u>to provide independent data analysis</u>.

>Reed Smith and KPMG conducted a review of the Company's commercial and FSS Contract sales for the period December 1998 through April 2004 (the "Review Period"), analyzing more than $18.5 billion in sales through more than 1,700,000 transactions. Reed Smith and KPMG were assisted by a substantial team of Oracle Legal, Finance, Contracts, Information Technology, and Internal Audit personnel. In the Review Period, Reed Smith and KPMG identified only eleven commercial license transactions with the relevant class of customers, U.S. Commercial End-Users, where a greater discount was offered than the discount provided to the Government.[1]

Oracle made a voluntary choice to have its lawyers provide a review stating that counsel had made a determination that there were only 11 relevant transactions where Oracle had offered Commercial End Users a deeper discount than the discounts Oracle offered the federal government under its MAS contract. Reed Smith represented that KPMG had conducted an "independent data analysis." Oracle used the Reed Smith as a sword with GSA and DOJ, hoping to persuade the Government that Oracle had no civil or criminal liability.

Having made affirmative use of the methodology and results of a "review" and "independent data analysis" that took five years to complete, Oracle cannot now shield the documents related to that review and analysis with claims of privilege. Oracle's Crime/Fraud Privilege logs show that from early 2003 on, when the review began, Reed Smith attorneys regularly communicated with Oracle employees about PRC compliance and disclosure obligations.[2] Oracle cannot claim that Reed Smith was entitled to disregard the facts it learned

---

[1] *See* Reed Smith "Price Reduction Clause Compliance Review," at p. 1 (emphasis added), attached as Exhibit 6 to Document 113, Opposition to Relator's Motion for Sanctions. Oracle moved to file the review under seal, and Relator has opposed the motion to seal.

[2] Oracle has produced logs labeled "Crime/Fraud" to address Relator's specific discovery requests related to crime/fraud privilege issues. Oracle has also produced logs for attorney communications that arose in the context of upper management reviews of non-standard discounts, labeled as "HQAPP" logs. Oracle's counsel courteously provided Relator's counsel with Word versions of the logs, so that Relator's counsel could combine the logs and rearrange

from its client when conducting its "review" and "independent data analysis." When it allowed Reed Smith to submit a review stating that the firm had determined that there were only 11 relevant discounted commercial transactions, Oracle put all of Reed Smith's knowledge at issue.

In *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991), the Second Circuit stated the well-accepted "sword and shield" analogy:

> the attorney-client privilege cannot at once be used as a shield and a sword. . . . A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes. Thus, the privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications.

(Citations omitted). This Court has accepted the "sword and shield" analogy. *See, e.g., Galaxy Computer Services, Inc. v. Baker*, 325 B.R. 544, 559 (E.D.Va. 2005)(Cacheris, J.)(reviewing cases).

The Fourth Circuit addressed a similar case, where Martin Marietta Corporation submitted a position paper to the United States Attorney

> describing why the company should not face indictment. The paper contains assertions: "of those consulted within the Company all will testify that any qualms they had about the arrangements had nothing to do with worries about fraud" and "there is no evidence, testimonial or documentary, that any company officials in the meeting [of November 17, 1983] except Mr. Pollard and his Maxim employees, understood that Maxim had departed from the strict procedures of its IVI contract."

*In re Martin Marietta Corp.*, 856 F.2d 619, 623 (4th Cir. 1988). The Fourth Circuit held that Martin Marietta had waived any privilege with respect to the papers and notes "from which the

---

the entries in chronological order. Relator attached the combined Crime/Fraud log in chronologic order as Exhibit 1 to his Motion for *In Camera* Inspection of Attorney-Client Communications to Determine Applicability of Crime/Fraud Exception. Reed Smith attorneys James Gallatin and Richard Moorhouse appear repeatedly on the combined Crime/Fraud log. *See* entries beginning 1/15/03.

Position Paper statements were derived." *Id.*

In this case, where Reed Smith claimed to have spent five years analyzing 1,700,000 transactions, hired accountants to perform an "independent data analysis," and found only 11 relevant commercial discounts, Oracle waived any privilege for all communications with Reed Smith related to its commercial discounting and PRC compliance.

## **CONCLUSION**

Oracle submitted a five-year review to GSA and DOJ "that in fairness requires examination of protected communications." This Court should find that Oracle used the Reed Smith review as a "sword," and cannot shield its communications with Reed Smith with claims of privilege.

Respectfully submitted,

_____/s/_____
Christopher B. Mead   VSB#39304
London & Mead
1225 19th Street, N.W., Suite 320
Washington, D.C. 20036
cmead@londonandmead.com
(202) 331-3334; (202) 785-4280 - facsimile

Of Counsel:
Mark London
London & Mead
1225 19th Street, N.W., Suite 320
Washington, D.C. 20036
mlondon@londonandmead.com
(202) 331-3334; (202) 785-4280 - facsimile
*Counsel for Relator Paul Frascella*

## CERTIFICATE OF SERVICE

I certify that on this 21st day of March, 2011, a copy of *Relator's Brief in Support of Motion to Determine Waiver of Attorney-Client Privilege Because Oracle Made Affirmative Use of the Reed Smith review as a "Sword"* was filed and served electronically on the following:

Joyce R. Branda
Sara Mclean
David B. Wiseman
Christelle Klovers
Melissa Handrigan
U.S. Department of Justice
601 D Street, NW, Room 9032
Washington, DC 20004
david.wiseman@usdoj.gov

Richard Sponseller
United States Attorney's Office
Justin W.Williams U.S. Attorney Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
richard.Sponseller@usdoj.gov

Drew Harker (admitted *pro hac vice*)
John N. Nassikas III
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
john.Nassikas@aporter.com
drew.Harker@aporter.com

Kristen E. Ittig (VSB #74362)
ARNOLD & PORTER LLP
1600 Tysons Boulevard, Suite 900
McLean, Virginia 22102-4865
kristen.Ittig@aporter.com

_____/s/_____
Christopher B. Mead