**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *ex rel.* **PAUL FRASCELLA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ORACLE CORP.,** *et al*.<br><br>**Defendants.** | **CASE NO. 1:07cv529 (LMB/TRJ)** |

**MEMORANDUM IN SUPPORT OF DEFENDANTS ORACLE CORP. AND
ORACLE AMERICA, INC.'S MOTION TO SEAL**

**INTRODUCTION**

Pursuant to Local Civil Rule 5, Defendants Oracle Corp. and Oracle America, Inc. (collectively "Oracle"), by counsel, respectfully move the Court for an Order sealing Defendants' Response to Relator's Motion For In Camera Review and Exhibits 1-8 thereto [Docket 158]. As we describe below, Defendants' Response contains extensive discussion of exhibits attached to Relator's Motion which identify specific Oracle customers and deals. Oracle is contractually obligated to maintain the confidentiality of customer identities and specific products purchased. When Oracle discloses this information, it is contractually required to notify its customers and take steps to ensure that the information remains confidential, and competitors with access to such information gain an unfair advantage in the marketplace as they compete for Oracle's customers. Oracle's customers also have competitive interests in maintaining the confidentiality

of this information, which vary from customer to customer, and may not be summarily dismissed without inquiry. Oracle has designated these materials as confidential and therefore, in order to maintain the confidentiality of these materials, files this Motion to Seal. *See* Local Civil Rule 5 (providing for the sealing of documents filed with the Court); *accord* Fed. R. Civ. P. 26(c)(7) (permitting the Court to enter a protective order governing the disclosure of trade secret or other confidential commercial information). Relator's Motion and the exhibits thereto are subject to a Motion to Seal filed March 23, 2011 [Docket 150].

Furthermore, the exhibits to Defendants' Response consist of confidential analyses and submissions to the Government in connection with the negotiation of the 2006 GSA contract. These submissions include confidential analyses of Oracle sales practices including non-standard discounting practices.

## ARGUMENT

Oracle files this motion in connection with the Defendants' Response to Relator's Motion and Exhibits 1-8 thereto. The Defendants' Response contains extensive discussion of confidential submissions of analysis and data regarding Oracle's sales practices, including non-standard discounting practices, made to the Government in connection with the negotiation and pre-award audit of the 2006 GSA contract. The exhibits and discussion in the Motion include confidential commercial information concerning Oracle's pricing and discounting practices. Oracle has designated these documents as confidential because the information contained therein is maintained as confidential inside the company and could be used by Oracle's

competitors to, among other things, analyze and undermine Oracle's commercial sales pricing and discounting strategies and analyze Oracle's business practices and use that information to Oracle's competitive disadvantage. Courts have held that this type of information generally constitutes confidential commercial information worthy of protection. *See MicroStrategy Inc. v. Business Objects, S.A.* 331 F. Supp. 2d 396 (E.D.Va. 2004); *M-I LLC v. Stelly*, 733 F. Supp. 2d 759 (S.D.Tex. 2010); *Haught v. Louis Berkman LLC,* 417 F. Supp. 2d 777, 782 (N.D.W.Va. 2006); *Timken Co. v. U.S. Customs Service*, 531 F. Supp. 194, 197 (D.D.C. 1981); *see also* James Pooley, Trade Secrets § 6.02 (2004). Upon submitting these analyses and data to GSA, Oracle expressly requested that the documents be treated as "confidential" in light of the commercially sensitive information contained therein.[1]

Furthermore, the Defendants' Response includes discussion of exhibits to Relator's Motion that contain information including customer names, pricing terms, and products ordered. Oracle is required to maintain the confidentiality of this information and must notify its customers when this information is disclosed. Certain of the Relator's exhibits discussed in Defendants' Response are documents that Oracle produced and stamped as "Confidential Subject to Protective Order" pursuant to the protective order that has been entered in this case. *See* Relator Exhibits 15-17.

Even if the information is viewed as an involuntary submission, it should still be protected from disclosure. "Commercial or financial information obtained from a person involuntarily 'is confidential for purposes of the exemption if disclosure [would either] ... impair the Government's ability to obtain necessary information in the future; or ... cause substantial

---

[1] Oracle is currently preparing redacted versions of its Response and Exhibits 1-8 thereto that may be filed publicly.

harm to the competitive position of the person from whom the information was obtained.'" *Canadian Commercial Corp. v. Dep't of the Air Force*, 514 F.3d 37, 39 (D.C. Cir. 2008), *quoting Nat'l Parks & Conservation Ass'n v. Morton*, 498 F.2d 765, 770 (D.C. Cir. 1974). *See also Critical Mass*, 975 F.2d at 880 (adhering to National Parks with regard to commercial or financial information involuntarily submitted to the Government).

In order to protect and maintain the confidentiality of Oracle's commercial information, Oracle seeks an Order sealing Defendants' Response and Exhibits 1-8 thereto. Before a district court may seal court documents, it must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). The mere docketing of the motion to seal "reasonably in advance of deciding the issue" is sufficient to provide public notice. *In re Knight Publishing Company*, 743 F.2d 231, 235 (4th Cir. 1984).

Here, in addition to the reasons articulated above, defendants aver that disclosure of the information to persons who are not parties to this lawsuit is contrary to the legitimate commercial interests of Oracle and the sealing of the information is the only practicable manner in which to prevent its public disclosure.

For the reasons stated herein, the Oracle respectfully requests that this Court enter an order sealing the Defendants' Response and Exhibits 1-8 thereto.

                                                               Respectfully submitted,

| ARNOLD & PORTER LLP | ARNOLD & PORTER LLP |
|---|---|
| /S/ | /S/ |
| Kristen Ittig (VSB #74362) | John Nassikas (VSB # 24077) |
| | Drew Harker |
| Suite 900 | 555 Twelfth Street, N.W. |
| 1600 Tysons Boulevard | Washington, D.C.   20004 |
| McLean, VA   22102-4865 | Telephone:   (202) 942-5000 |
| Telephone:   (703) 720-7000 | Facsimile:   (202) 942-5999 |
| Facsimile:   (703) 720-7399 | John.Nassikas@aporter.com |
| Kristen.Ittig@aporter.com | Drew.Harker@aporter.com |

*Counsel for Defendants Oracle Corporation and Oracle America, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of March, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Richard Sponseller
Assistant United States Attorney
United States Attorney's Office
Justin W. Williams U.S. Attorney Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Richard.Sponseller@usdoj.gov

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C.  20036
cmead@londonandmead.com

                                                                                     /s/
Kristen E. Ittig (VSB #74362)
ARNOLD & PORTER LLP
1600 Tysons Boulevard, Suite 900
McLean, VA   22102-4865
Direct:   703.720.7035
Facsimile:   703.720.7399
Email:   Kristen.Ittig@aporter.com
*Counsel for Defendants Oracle Corp.,
Oracle America, Inc.*