IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

United States of America,           )
                                    )
ex rel                              )
                                    )
PAUL FRASCELLA,                     )
                    Relator,        )
            v.                      )            Civil Action No.  1:07cv529
                                    )
ORACLE CORPORATION, et al.          )
                    Defendants.     )
_____  )

<u>MEMORANDUM OPINION</u>

On April 14, 2011, the magistrate judge found (no. 199) that the crime/fraud exception to

the attorney-client privilege applies to defendants' communications with counsel, and granted in

relevant part relator's motion (no. 147) for such determination.  This opinion amplifies and

explains the April 14 ruling.[1]

**A.      Standard**

"The protective shield of the attorney-client and work-product privileges is appropriately

pierced when a client attempts to use these privileges to further . . . fraudulent activities."  *In re*

*Grand Jury Proceedings*, 102 F.3d 748, 752 (4th Cir. 1996).  The showing necessary to invoke

the  exception is simply stated:

> [T]he movant must make a *prima facie* showing of fraudulent conduct... [which]
> has two prongs: 1) that defendant was engaged in or planning a criminal or
> fraudulent scheme and used his counsel to further the scheme, and 2) that the

_____

[1] In partially granting the motion and requiring *in camera* inspection on March 30, 2011,
the magistrate judge had already found that relator had made "a showing of a factual basis
adequate to support a good faith belief by a reasonable person..." that the alleged scheme existed.
*U.S. v. Zolin*, 491 U.S. 554, 572 (1989).  That ruling was not objected to.

privileged information bears a close relationship to the criminal or fraudulent scheme.

*In re Galaxy Computer Services, Inc.*, 2004 U.S. Dist. LEXIS 28162 (E.D. Va. 2004) (Brinkema, J.) (internal citations and quotations omitted), *aff'd*, 2007 U.S. App. LEXIS 16658 (4th Cir. 2007).

**B.      *Prima Facie* Case**

The magistrate judge finds that the discovery materials already uncovered by relator, and discussed in his briefs supporting the motion, make out a *prima facie* showing of such a scheme without more. That evidence shows *prima facie* that during the negotiation of the contract in issue Oracle misrepresented to the government its practices respecting reseller relationships, "price holds," and "migrations." That evidence shows *prima facie* that once the contract was in force, Oracle's sales force regularly and consistently offered commercial customers discounts that the government was entitled to get but did not get. That evidence also shows *prima facie* that Oracle's management, whether or not the particular decision makers involved knew that fraud was occurring, engaged the Reed Smith law firm to provide cover for the ongoing practices of its sales force. Relator has shown *prima facie* that Oracle as an entity was defrauding the government. Therefore, for the reasons discussed in relator's briefs (nos. 157, 172) the magistrate judge has found *prima facie* that the scheme existed and that defendants sought to use their lawyers to further it by disguising it.

Many of the documents just reviewed support and strengthen the *prima facie* showing already made and, if it were deemed initially inadequate, they eliminate any such deficiency. In

particular, but without limitation, the magistrate judge refers the district judge to the documents logged with the numbers listed in the footnote.[2]

## C.    Close Relationship to the Scheme

The documents reviewed *in camera* fall into several categories, as perusal of the relevant logs demonstrates, including many drafts of the Reed Smith and KPMG work.  Most relevant here, however, are the many communications with and among counsel, both inside and outside Oracle, reflecting efforts to deal with the ongoing activities of Oracle's sales force referred to above.

Defendants have already conceded by logging them that these documents are responsive to various of relator's document requests and relevant to the claims and defenses of the parties. The magistrate judge finds that they likewise bear a "close relationship" to the scheme alleged. Indeed, the closeness of the communications just referred to approaches coexistence.  To the extent that they contain information that would otherwise be privileged (and it is not clear that some of them do), the magistrate judge finds that their nexus with the scheme is sufficient to satisfy the crime/fraud exception.

---

[2]   The magistrate judge refers the district judge to the following documents from what relator calls the "Crime/Fraud Log" and what defendants call the "Log of Documents Responsive to Relator's Requests Nos. 1, 3, 4, 6, 8, 9, 12, 14, and 46".  (Entry no. 100 on defendants' log consists of several documents that defendants provided in a separate, numbered production. These documents are listed in the "100-XXX" format, with the second number representing the document's number in that separate production.)  See documents logged at  4, 29, 57, 59, 60, 68, 71, 77, 88, 100-86, 100-87, 100-105, 100-152, 100-166, 100-263, 100-264, 100-268, 100-289, 100-290, 100-304, 100-364, 100-385, 100-407, 100-413, 100-445, 100-516, 100-525, 100-526, 100-528, 100-533, 100-535, 100-541, 100-554, 100-567, 100-579, 105, 123, 125, 126, 127, 128, 132, 169, 170, 176, 179, 211, 363, 364, 379, 380, 411, 427.

It appears that there was a clerical error in the assembly of defendants' production, resulting in entries that are out of order between 100-544 and 100-557.  The magistrate judge has identified document number 100-554 as it was numbered in defendants' production.

The magistrate judge does not find, on the present record, that the makers and recipients of communications logged thus far were themselves acting with fraudulent intent. Nor is such a finding required. The communications are closely related to the scheme alleged and shown *prima facie* to exist, which is enough to satisfy the standard.

**D.      Conclusion**

For these reasons, the magistrate judge has found that because the crime/fraud exception to the attorney-client privilege applies, neither the communications reflected in logged documents nor any other communications on the relevant subject matter are protected by that privilege.

                                                              /s/
                                              Thomas Rawles Jones, Jr.
                                              United States Magistrate Judge

Alexandria, Virginia
April 21, 2011