**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *ex rel.* **PAUL FRASCELLA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ORACLE CORP.,** *et al*.<br><br>**Defendants.** | **CASE NO. 1:07cv529 (LMB/TRJ)** |

## NOTICE CONCERNING DEFENDANTS' WORK PRODUCT LOG

Defendants Oracle Corp. and Oracle America, Inc. (collectively "Oracle"), by and through undersigned counsel, respectfully submit this Notice concerning the work product protection log and accompanying briefing the Court has ordered Defendants to file with the Court on Monday, April 25, 2011.

Defendants provide this Notice to disclose to the Court in advance their approach to preparing their log, which will both correct inadvertent errors in the designations listed in Defendants' original *in camera* logs, and conform Defendants' log to the standards articulated by the Court in the letter it provided Defendants' counsel yesterday. Given the unusual procedural history that led to the submission of Defendants' *in camera* logs, and the Court's recent guidance on its approach to evaluating claims of privilege and work product protection — including the Court's explanation in its April 20, 2011 Order that it has not yet evaluated Defendants' claims of privilege or work product protection "for the purpose of determining whether any document would be privileged if the crime fraud exception did not apply," (Dkt. # 211) — Defendants' amended log will pose no prejudice to the Relator or the Government, and instead ensures that

the Court will have available for review, privilege and work product assertions that comport with the Court's standard procedures.

I.  **Defendants Inadvertently Omitted Certain Assertions of Work Product Protection Over the Materials Submitted to the Court for *In Camera* Review**

In preparing the logs that accompany the documents Defendants submitted to the Court in connection with the Relator's "crime/fraud" waiver briefing, Defendants erred in their designations of certain documents which, upon further careful review, Defendants believe qualify as attorney work product. Certain of these documents, in fact, state on their face that the document is "Attorney Work Product" or otherwise plainly indicate that the document was prepared by or at the direction of counsel in anticipation of litigation. Defendants inadvertently described these documents solely as attorney-client privileged communications, and did not also designate them as work product. Given the procedural context in which Defendants' *in camera* logs were prepared, there is no prejudice to Relator or the Government in Defendants now acting to correct this error. As the Court is aware, Defendants submitted their *in camera* logs in connection with Relator's argument concerning the "crime/fraud" exception to attorney client privilege. The Court has not considered challenges to the particular bases for privilege or work product protection asserted in Defendants' *in camera* logs, which were prepared for an entirely different purpose. *See* Order of April 20, 2011 (Dkt. # 211) ("My review thus far has not been for the purpose of determining whether any document would be privileged if the "crime/fraud" exception did not apply.").

Waiver of privilege is an "exceedingly harsh sanction." *Rambus, Inc. v. Infineon Tech. AG,* 220 F.R.D. 264, 274, 2004 U.S. Dist. LEXIS 4577, 2004 WL 547536 (E.D.Va.2004), *continued consideration provided in* 222 F.R.D. 280 (E.D.Va.2004). "Given the sanctity of the attorney-client privilege and the seriousness of privilege waiver, courts generally find waiver

only in cases involving unjustified delay, inexcusable conduct, and bad faith." *Smith v. James C. Hormel School of the Virginia Institute of Autism*, 2010 WL 3702528 at *4 (W.D.Va. Sept. 14, 2010). Whether a claim of privilege or protection was made at a reasonable time is a matter discretionary with the court, and failure to raise an assertion of privilege at the first opportunity is not an automatic waiver under Rule 26(b)(5). *See Id.* at *5 (citing Rule 26(b)(5) Advisory Committee Notes). *See also TIG Ins. Co. v. Firemen's Ins. Co. of Wash., D.C.,* No. 08-0528, 2010 WL 2505878, at *5 (D.D.C. June 22, 2010) ("[T]he court generally does not deem a party to have waived a privilege because it did not provide an adequate privilege log.") Here, Defendants made prompt initial privilege and work product assertions, and now reasonably seek to correct certain of those assertions under circumstances where the Court has not yet ruled, and where Relator and the Government will suffer no resulting harm.

## II. Defendants' Work Product Log Will Also Set Aside Certain Prior Assertions of Work Product Protection

Defendants received yesterday the Court's "Standard Privilege Letter" which outlines the Court's standards for reviewing and assessing claims of privilege and work product protection. To comply with the Court's written guidance, Defendants are reviewing their privilege log and will revise it, including omitting certain prior assertions of work product protection that do not clearly meet the Court's guidelines. Defendants do not intend simply to add to their assertions of work product protection but instead are acting to re-evaluate their log to conform to the Court's expectations.

## III. Defendants Also Intend to Remove From the Log Certain Documents On the Basis of Relevance

As part of Defendants' agreement with Relator to create the *in camera* logs submitted to the Court in connection with Relator's "crime/fraud" briefing, Relator and the Government agreed that Oracle would fully reserve its rights to contend that any documents on the logs

should not be produced on relevance or any other grounds, and that Relator would not contend that the creation of the *in camera* logs waived any of Defendants' relevance objections to its document requests.  Now that Defendants understand that the Court may use the *in camera* logs to evaluate directly Defendants' assertions of privilege and work product protection, without regard to the Court's "crime/fraud" analysis, *see* Dkt. # 211, Defendants will remove from the log certain documents which are not relevant to the claims and defenses in the case, and reserve their rights to make additional relevance objections with respect to the documents submitted to the Court *in camera*.[1]

### IV. Defendants Have Asked That Third Party Reed Smith Consider Defendants' Corrected Work Product Protection Assertions In Responding to Relator's Subpoena

The Relator has served a third party subpoena *duces tecum* on Reed Smith seeking documents relating to Reed Smith's review of the contract at issue in the case.  Pending the Court's clarification of its March 30, 2011 Order, *see* Dkt. #206, Reed Smith has withheld from production certain documents on the basis of work product protection.  Defendants have also shared with Reed Smith Defendants' initial *in camera* privilege logs so that Reed Smith could understand Defendants' initial assertions of privilege and work product protection.  Having now determined to correct the work product assertions made in Defendants' initial *in camera* logs, Defendants have requested that Reed Smith consider Defendants' corrections in its continuing response to Relator's subpoena.

---

[1] In its Memorandum Opinion in support of its crime fraud ruling, the Court stated that Defendants have conceded "by logging them" that the documents on Defendants' *in camera* logs were "relevant to the claims and defenses of the parties."  *See* Dkt. # 212 at 3.  But that is contrary to Defendants' agreement with Relator and the Government, which the Court encouraged the parties to reach at the 16(B) conference on February 2, 2011.

Respectfully submitted,

| /s/ | /s/ |
|---|---|
| Kristen E. Ittig (VSB #74362) | Drew Harker (admitted *pro hac vice*) |
| ARNOLD & PORTER LLP | John N. Nassikas III (VSB #24077) |
| 1600 Tysons Boulevard, Suite 900 | ARNOLD & PORTER LLP |
| McLean, VA  22102-4865 | 555 12th Street, N.W. |
| Direct:  703.720.7035 | Washington, D.C.  20004 |
| Facsimile:  703.720.7399 | Telephone:  202.942.5000 |
| Email:  Kristen.Ittig@aporter.com | Facsimile:  202.942.5999 |
| | Email:  John.Nassikas@aporter.com |
| | Email:  Drew.Harker@aporter.com |

*Counsel for Defendants Oracle Corp., Oracle America , Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of April, 2011, I electronically filed the foregoing with the Clerk using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Richard Sponseller
Assistant United States Attorney
United States Attorney's Office
Justin W. Williams U.S. Attorney Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Richard.Sponseller@usdoj.gov

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C.  20036
cmead@londonandmead.com

                                                /s/
                                     Kristen E. Ittig (VSB #74362)
                                     ARNOLD & PORTER LLP
                                     1600 Tysons Boulevard, Suite 900
                                     McLean, VA  22102-4865
                                     Direct:  703.720.7035
                                     Facsimile:  703.720.7399
                                     Email:  Kristen.Ittig@aporter.com.