IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| United States of America<br>    *ex rel.* Paul Frascella, | )<br>)<br>) | |
|         Plaintiffs, | )<br>) | |
| v. | )<br>) | Civil Action No. 1:07cv529 (LMB/TRJ) |
| Oracle Corporation<br>    *et al.*, | )<br>)<br>)<br>) | |
|         Defendants. | )<br>) | |

MEMORANDUM OPINION

On July 1, 2011, the magistrate judge granted in part (no. 300) relator's motion (no. 219) to compel production of documents withheld by the Reed Smith law firm as protected work product, finding that the protection afforded to fact work product had been waived for the reasons asserted by relator.[1] This opinion amplifies and explains the July 1 ruling in Part B hereof, and potentially calls for supplemental briefing on another issue not yet resolved in Part C hereof.

    **A.    Case History**

The court has already addressed the documents at issue in the context of the attorney-client privilege. On March 30, 2011, the magistrate judge found (no. 186) that by affirmatively using the Reed Smith report to attempt to convince the government not to prosecute defendants, defendants' attorney-client privilege was waived with regard to communications with Reed

---

[1] The magistrate judge still has relator's motion under advisement with respect to opinion work product. *See* no. 301.

Smith "relating in any way to the contract in issue and/or the review performed by Reed Smith, through the date that the review document was tendered to the United States." On April 14, 2011, the magistrate judge found (no. 199) after an *in camera* review that the crime/fraud exception to the attorney-client privilege applied to defendants' communications with counsel, and that defendants could not withhold those documents on a claim of attorney-client privilege. The magistrate judge explained that ruling on April 21, 2011 in a memorandum opinion (no. 212). Defendants have noticed objections, which are still pending, to the rulings pursuant to Fed. R. Civ. P. 72.

Reed Smith has withheld a subset of the documents addressed by the court's prior rulings under a claim of work product protection, prompting relator to file a motion to compel. At a hearing on June 13, 2011, the magistrate judge requested supplemental briefing on the effect of the April 14, 2011 ruling, if upheld by the district judge, on defendants' and Reed Smith's claims of work product protection. The magistrate judge heard further argument after submission of the parties' supplemental briefs on June 21, 2011.

### B. Effect of April 14, 2011 Crime/Fraud Ruling on Fact Work Product

Under Fourth Circuit precedent, and as stated in the April 21, 2011 memorandum opinion in this case, the crime/fraud exception to the attorney-client privilege applies upon a *prima facie* showing "1) that defendant was engaged in or planning a criminal or fraudulent scheme and used his counsel to further the scheme, and 2) that the privileged information bears a close relationship to the criminal or fraudulent scheme." *United States ex rel. Frascella v. Oracle Corp.*, No. 1:07-cv-00529 (E.D. Va. April 21, 2011) (quoting *In re Galaxy Computer Servs., Inc.*, No. 1:04-cv-00007, 2004 WL 3661433, at *3 (E.D. Va. March 31, 2004) (Brinkema, J.)) (internal quotation marks omitted). *See also In re Grand Jury Proceedings #5*, 401 F.3d 247, 254-55 (4th Cir.

2005); *Chaudhry v. Gallerizzo*, 174 F.3d 394, 403-04 (4th Cir. 1999); *In re Grand Jury Investigation*, 352 F. App'x 805, 808 (4th Cir. 2009); *In re Grand Jury Subpoena # 06-1*, 274 F. App'x 306, 309 (4th Cir. 2008); *United States v. Brown*, 52 F. App'x 612, 614 (4th Cir. 2002); *Billings v. Stonewall Jackson Hosp.*, 635 F. Supp. 2d 442, 446 (W.D. Va. 2009); *Rambus, Inc. v. Infineon Techs. AG*, 222 F.R.D. 280, 290 (E.D. Va. 2004); *United States v. Cohn*, 303 F. Supp. 2d 672, 682 (D. Md. 2003); *United States v. Ruhbayan*, 201 F. Supp. 2d 682, 685-86 (E.D. Va. 2002) (all citing same test).

As the Fourth Circuit has stated, "[b]oth the attorney-client and work product privileges may be lost, however, when a client gives information to an attorney for the purpose of committing or furthering a crime or fraud." *In re Grand Jury #5*, 401 F.3d at 251. Overcoming the protection afforded to *opinion* work product requires a *prima facie* showing that counsel was aware of or a knowing participant in the wrongful conduct. *Id.* at 252 (internal citation omitted). Overcoming the protection afforded to *fact* work product, however, requires no such showing. *Id.* Courts "thus use similar standards when applying the crime-fraud exception to attorney-client and fact work product privileges." *Id.* at 252-53; *see also id.* at 255-56 (ordering evaluation of work product under same standard as attorney-client communications). If a court finds that work product protection has been lost as to fact work product but not opinion work product, the documents should be produced with any portions containing opinion work product redacted. *Id.* at 256.

As discussed *supra*, the magistrate judge has already found that the crime/fraud exception to the attorney-client privilege applies, and a ruling on defendants' Fed. R. Civ. P. 72 objections to that ruling is pending. If the magistrate judge's ruling is upheld, the findings made in support of that ruling would also operate to overcome assertions of work product protection as to fact

work product, as the crime/fraud standard is the same as to both attorney-client privilege and fact work product protection.

Defendants and Reed Smith urge that a second *in camera* review would be required, on the ground that some documents contain and/or reflect attorney-client communications, fact work product, and opinion work product in the same document. Defendants and Reed Smith argue that the magistrate judge's review occurred in the context of attorney-client privilege, and that the magistrate judge therefore did not examine the work product contained in the documents for the "close relationship" required by the Fourth Circuit test for crime/fraud. As the April 21, 2011 memorandum opinion indicates, however, that the magistrate judge reviewed "documents," not simply communications. *See United States ex rel. Frascella v. Oracle Corp.*, No. 1:07-cv-00529 (E.D. Va. April 21, 2011) ("Many of the *documents* just reviewed . . . ."; "[T]he magistrate judge refers the district judge to the *documents* logged with the numbers listed in the footnote."; "The *documents* reviewed *in camera* . . . ."; "[T]hese *documents* are responsive . . . . The magistrate judge finds that they likewise bear a 'close relationship' to the scheme alleged.") (emphasis added). The review that has been conducted is thus sufficient to support the application of the crime/fraud exception to fact work product.[2]

Defendants and Reed Smith further argued at the June 21, 2011 hearing that they should be given an opportunity to demonstrate how the fact work product contained in the documents presented for *in camera* review did not "further the fraud." As detailed *supra*, however, the

---

[2] Contrary to the arguments of counsel, *In re Grand Jury Proceedings #5* does not require a second review. In that case, the court had no indicia whatever of the contents of the documents in issue, whether by *in camera* review or otherwise, and the Fourth Circuit's admonition that the district judge review fact work product under the same crime/fraud test as attorney-client communications was thus not a requirement of a second review. *See In re Grand Jury #5*, 401 F.3d at 255-56.

Fourth Circuit test requires a "close relationship," not that the fact work product "further the fraud." The argument is therefore inapplicable.

Thus, if the magistrate judge's crime/fraud ruling is upheld, Reed Smith cannot withhold documents on a claim of fact work product protection. Furthermore, pursuant to Fourth Circuit guidance, if there are documents containing both fact work product and opinion work product, those documents should be produced with any opinion work product redacted.

### C. Effect of March 30, 2011 Waiver Ruling on Fact Work Product

The magistrate judge did not ask for supplemental briefing regarding the effect on fact work product of the March 30, 2011 ruling addressing waiver of attorney-client privilege by affirmative use of the Reed Smith report. If there is a dispute among the parties as to whether the March 30, 2011 ruling, if left standing, would also act to overcome defendants' and Reed Smith's assertion of work product protection for fact work product, the parties shall brief the issue as follows. Relator and the government shall file supplemental briefs on July 12, 2011. Defendants shall file a supplemental brief on July 14, 2011. The magistrate judge will then rule on the question without oral argument.

ENTERED this 6th day of July, 2011.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

Alexandria, Virginia